IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHURRON ROBERTS,                    )
                                    )
        Petitioner,                 )
                                    )
    v.                              )        Case No.  4:19-CV-00211-AGF
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Shurron Roberts' motion filed under

28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  On July 20, 2015,

Petitioner entered a plea of guilty to one count of conspiracy to possess with intent to

distribute over 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) & 846 and one

count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  The

Court[1] accepted Petitioner's plea, and on January 12, 2016, Petitioner was sentenced to a

term of 164 months on both counts, to be served concurrently.

In his pro se motion under § 2255, Petitioner raises six grounds for relief.  His first

four claims argue that trial and appellate counsel were ineffective for failing to challenge

the determination that he was an Armed Career Criminal under 18 U.S.C. § 924(e)(1)

(the "ACCA") based in part on his 1995 conviction for Second Degree Assault pursuant

---

[1]        The criminal case was before the Hon. Carol E. Jackson.

to Rev. Stat. Mo. § 565.060.  The remaining two grounds argue trial counsel was ineffective for failing to challenge the constitutionality of 18 U.S.C. § 992(g)(1).  As the record before the Court conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

**BACKGROUND**

**Criminal Proceedings**

On March 11, 2015, Petitioner was indicted on one count of conspiracy to possess with intent to distribute over 1 kilogram of heroin under 21 USC § 841(b)(1)(A) and one count of being a felon in possession of a firearm under 18 USC § 922(g).  On July 20, 2015, Petitioner pled guilty to the lesser included offense of conspiracy with intent to distribute over 100 grams of heroin and to one count of being a felon in possession of a firearm.

As part of the guilty plea agreement signed by both parties, Petitioner stipulated to the following facts.  In late 2014, officers from the Drug Enforcement Administration and Mustang Drug Task Force began investigating Petitioner for selling heroin.  Petitioner admitted he distributed eight grams of heroin to a confidential source every two to three days for eight months and agreed he was accountable for between 700 and 1,000 grams of heroin.  Petitioner also admitted to possession of a Mossberg 12-gauge shotgun which was manufactured outside the state of Missouri and therefore had traveled in interstate commerce.  Petitioner further admitted he had previously been convicted of felony crimes punishable by more than one year of imprisonment and was therefore prohibited from

possessing firearms.  At the change of plea hearing, Petitioner acknowledged that he may be deemed an Armed Career Criminal pursuant to 18 U.S.C. § 924(e).

After the plea, the United States Probation Office issued a presentence investigation report, ("PSR"), which stated that Petitioner had the following prior felony convictions for offenses qualifying as violent felonies under the ACCA: (1) Second Degree Assault and Armed Criminal Action, Docket No. 22951-00929-01; (2) Possession with Intent to Distribute Cocaine Base, Docket No. 4:95CR00335 CAS; and (3) Sale of a Controlled Substance, Docket No. 021-404B.  *United States v. Roberts*, No. 4:15-cr-115-AGF Doc. No. 94 at ¶ 39.  Petitioner did not file any objection to the PSR and the Court adopted the factual statements of the report as its finding of facts.

At sentencing, the Court determined Petitioner was an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) because he had at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions.  Pursuant to the enhancement, Petitioner was subject to a mandatory minimum sentence of 180 months' imprisonment.  However, Judge Jackson granted a downward departure, and sentenced Petitioner to 164 months' imprisonment.

Petitioner filed an appeal of his sentence pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing the district court erred in sentencing him as an armed career criminal, based in part on the Second Degree Assault conviction, as it was over 15 years old.  The Eighth Circuit affirmed the sentence.  *United States v. Roberts*, 692 F. App'x 803, 804 (8th Cir. 2017).

3

**<u>1995 Second Degree Assault Conviction</u>**

Several of Petitioner's arguments relate to his conviction for Second Degree

Assault.  On April 4, 1995, a Grand Jury for the City of St. Louis charged Petitioner with

two counts related to an assault.  (Doc. No. 5-1 at 1-2).  Petitioner pled guilty in the

Missouri state court to both charges.  The convictions relate to an incident that occurred

on March 12, 1995.  Petitioner was involved in a verbal argument with Toran Willis over

personal matters.  The argument escalated and Petitioner struck Willis in the head with a

bottle.  Petitioner then took out a handgun and began firing shots at Willis, striking him in

the leg and foot.  PSR at ¶ 39.

Count I charged Petitioner with Second Degree Assault for "attempt[ing] to

cause physical injury to Toran Willis by means of a deadly weapon" in violation of

RSMo. § 565.060.  *Id*. at 1.  Count II charged Petitioner with Armed Criminal Action "in

that on the 12th day of March, 1995, in the City of St. Louis, State of Missouri, the

defendant committed the felony of Assault Second Degree charged in Count I, all

allegations of which are incorporated herein by reference, and the defendant committed

the foregoing felony of Assault Second Degree by, with and through the use, assistance

and aid of a deadly weapon."  (Doc No. 5-1 at 2-3).  On March 21, 1996, Petitioner pled

guilty to both counts.  (Doc. No. 5-1 at 3).

**<u>Motion to Vacate</u>**

On February 11, 2019, Petitioner filed this motion under 28 U.S.C. § 2255 to

vacate, set aside, or correct sentence.  As noted above, Petitioner asserts that trial and

appellate counsel were ineffective for failing to argue his Second Degree Assault

4

conviction is not a violent crime pursuant to the ACCA and for failing to challenge the constitutionality of 18 U.S.C. § 922(g)(1).  The government responds that Petitioner is subject to the sentencing enhancement, as his conviction is a violent crime, and § 922(g) does not violate Petitioner's constitutional rights.[2]

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "[A] collateral challenge [under § 2255] may not do service for an appeal." *United States v. Frady,* 456 U.S. 152, 165 (1982).  Instead, to warrant relief under § 2255, the movant must identify an error that amounts to a fundamental miscarriage of justice. *Davis v. United States,* 417 U.S. 333, 346 (1974); *Hill v. United States,* 368 U.S. 424, 428 (1962).

---

[2]    The government also contends that Petitioner cannot show he was prejudiced by the determination that he is an armed career criminal.  Pursuant to the PSR, Petitioner had a total offense level of 31 and a criminal history category of VI resulting in a guideline imprisonment range of 188 to 235 months.  The government notes that if Petitioner were not found to be an armed career criminal, he would have the same guideline imprisonment range, as he would qualify as a Career Offender pursuant to U.S.S.G. § 4B1.  As such, the government argues Petitioner was not prejudiced by the armed career criminal sentencing enhancement.  The Court notes that, while the guideline range would be the same, the Career Offender enhancement pursuant to U.S.S.G. §4B1 does not contain a mandatory minimum sentence, while the sentencing enhancement pursuant to the ACCA has a mandatory minimum sentence of 180 months.  Because the Court concludes that Petitioner has not shown trial or appellate counsel were ineffective, the Court need not consider whether Petitioner was prejudiced.

To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the petitioner's case. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *United States v. Sera,* 267 F.3d 872, 874 (8th Cir. 2001); *DeRoo v. United States,* 223 F.3d 919, 925 (8th Cir. 2000). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687–88; *Sera,* 267 F.3d at 874. A petitioner "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo,* 223 F.3d at 925. When reviewing counsel's performance, a court must avoid using "the distorting effects of hindsight" and must evaluate the reasonableness of counsel's conduct "from counsel's perspective at the time." *Strickland,* 466 U.S. at 689. In addition to proving a deficiency in counsel's performance, the petitioner also must prove that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692.

The burden is on the petitioner to prove, by a preponderance of the evidence, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *DeRoo,* 223 F.3d at 925.

Any claim for ineffective assistance of counsel faces two significant impediments. First, a petitioner must overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Rice,* 449

6

F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland,* 466 U.S. at 689); *Sera,* 267 F.3d at

874; *see also Ford v. Lockhart,* 904 F.2d 458, 462 (8th Cir. 1990) (holding that the

evaluation of a claim of ineffective assistance of counsel is highly deferential and subject

to a strong presumption that counsel acted competently).  In addition, a petitioner

confronts the legal principle that "'strategic choices made after thorough investigation of

law and facts ... are virtually unchallengeable.'"  *Rice,* 449 F.3d at 897 (quoting

*Strickland,* 466 U.S. at 690).

Finally, "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of

lack of sufficient prejudice,'" a court need not determine whether a petitioner meets the

"performance" prong of the *Strickland* test. *Young v. Bowersox,* 161 F.3d 1159, 1160 (8th

Cir. 1998); *see also Kingsberry v. United States,* 202 F.3d 1030, 1032 (8th Cir. 2000)

(explaining that a reviewing court need not address both components of the *Strickland*

test if a petitioner makes an insufficient showing on one component).

## Armed Career Criminal Enhancement

Petitioner argues the sentencing enhancement he received pursuant to 18 U.S.C. §

924(e) was improper because his 1995 conviction for Second Degree Assault and Armed

Criminal Action does not constitute a violent felony pursuant to the ACCA.  His sentence

was affirmed by the Eighth Circuit Court of Appeals.  He now raises four grounds related

to his 1995 conviction: (1) trial counsel rendered ineffective assistance of counsel by

failing to argue at sentencing that the 1995 conviction is not a crime of violence; (2)

appellate counsel was ineffective for failing to argue during Petitioner's *Anders* appeal

that the sentencing enhancement was improper because the 1995 conviction is not a

crime of violence; (3) appellate counsel was ineffective for failing to move for rehearing of Petitioner's direct appeal in light of the Eighth Circuit's decision in *United States v. Fields*, 863 F.3d 1012, 1014 (8th Cir. 2017); and (4) trial counsel was ineffective for failing to challenge the 1995 conviction for violating Petitioner's Fifth Amendment rights, as there was no presentment or indictment by a grand jury.

Petitioner cannot show counsel was ineffective as his 1995 conviction for Second Degree Assault and Armed Criminal Action does constitute a crime of violence pursuant to 18 U.S.C. § 924(e). Counsel is not constitutionally ineffective for failing to raise a meritless argument. *Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991). *See also Thai v. Mapes*, 412 F.3d 970, 979 (8th Cir. 2005). The Court may look to the charging instrument, plea agreements, plea colloquies, and other comparable judicial records in determining whether the crime constitutes a violent felony. *United States v. Pryor*, 927 F.3d 1042, 1043 (8th Cir. 2019).

Petitioner argues that, because § 565.060 encompasses several different crimes, some of which qualify as crimes of violence and some of which do not, his conviction does not constitute a crime of violence if the subsection of the statute under which he was convicted is not specified. Petitioner claims that the government failed to show which subsection of § 565.060 he was convicted of, and as such his 1995 conviction is not a violent felony.

To determine whether a state court conviction falls within the meaning of "crime of violence," the court should focus solely on the elements of conviction and not the particular facts of the case. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). In

doing so, the court should determine whether the statute is indivisible, setting out a single set of elements to define a single crime, or divisible, listing elements in the alternative to define multiple crimes.  *Id.*  If a crime is indivisible, the court should use the "categorical approach," comparing the elements of the crime to the "generic" version of the offense listed under U.S.S.G. § 4B1.2(a).  *See id.*  If the statute is divisible, the court must apply the "modified categorical approach" and examine the record to pinpoint which of the alternative elements listed was "integral to the defendant's conviction" so as to determine the crime in which the defendant was convicted.  *Id.*  The court can then determine whether that crime is a "crime of violence" qualifying as a predicate offense under U.S.S.G. § 4B1.2(a).

At the time of Petitioner's conviction, Missouri's second-degree assault statute, Mo. Rev. Stat. § 565.060, provided:

> A person commits the crime of assault in the second degree if he:
> (1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or
> (2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or
> (3) Recklessly causes serious physical injury to another person; or
> (4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself.
> (5) Recklessly causes physical injury to another person by means of discharge of a firearm.

Mo. Rev. Stat. § 565.060.1 (1999).

Here, the statute is divisible, listing several different crimes.  As such the Court uses the "modified categorical approach" to determine whether the crime of which the

Petitioner was convicted is a crime of violence.  Second Degree Assault under the second subsection of § 565.060 constitutes a crime of violence, as it "has as an element the use, attempted use, or threatened use of physical force against another."  *United States v. Vinton*, 631 F.3d 476, (8th Cir. 2011) (citing USSG § 4B1.2(a)(1).  However, a conviction pursuant to the third subsection does not constitute a crime of violence, as a person may be convicted under subsection (3) for reckless driving that results in injury. *Fields*, 863 F.3d at 1014.  Here, the indictment did not reference the statutory subsection, but it is clear from the charging document that Petitioner was convicted under subsection (2) of § 565.060.  As such, his conviction constitutes a violent crime.

The Court determined the 1995 conviction constituted a crime of violence based upon the PSR—which established Petitioner was convicted of Second Degree Assault when he shot Toran Willis twice with a handgun.  Petitioner did not dispute facts in the PSR; as such, the Court was entitled to rely solely upon the report for findings relevant to sentencing. *United States v. Beatty*, 9 F.3d 686, 690 (8th Cir. 1993).  In its response, the Government provided certified copies of the indictment, Petitioner's guilty plea, and the sentence and judgment related to the 1995 conviction.  (Doc. No. 5-1).  Petitioner has not disputed the authenticity of these documents.

As stated above, Petitioner pled guilty to both counts of a two-count indictment charging him with Second Degree Assault and Armed Criminal Action.  The first count of the indictment charged that Petitioner "attempted to cause physical injury to Toran Willis by means of a deadly weapon" in violation of Rev. Stat. Mo. § 565.060.  (Doc. No. 5-1 at 1).  The language of the indictment mirrors subsection (2), which makes it a crime

10

to attempt to "cause[] physical injury to another person by means of a deadly weapon." Rev. Stat. Mo. § 565.060(2).[3]  As such, Petitioner's conviction for Second Degree Assault constitutes a crime of violence.

Petitioner claims that pursuant to *Fields*, his conviction does not constitute a violent felony.  863 F.3d at 1015.  In *Fields*, the Eighth Circuit determined that Second Degree Assault pursuant to subsection (3) of § 565.060 does not constitute a violent felony.  But here, Petitioner was convicted of Second Degree Assault pursuant to subsection (2), which the Eighth Circuit determined constitutes a violent felony.  *See Vinton*, 631 F.3d at 486.  Petitioner further claims his 1995 conviction is invalid because he was not indicted by a grand jury.  However, the records submitted by the government reveal that Petitioner was indicted by a grand jury in the City of St. Louis on April 4, 1995 for both charges related to his assault of Toran Willis.  (Doc. No. 5-1).

## Constitutionality of 18 U.S.C. § 992(g)(1)

Petitioner next argues his trial counsel was ineffective for failing to challenge the constitutionality of 18 U.S.C. § 922(g)(1), which makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  Petitioner claims the statute is

---

[3]     Petitioner argues trial counsel erred by failing to object to the PSR.  However, it is clear based on the indictment and guilty plea alone that Petitioner was convicted of Second Degree Assault pursuant to subsection (2), as the documents indicate Petitioner attempted to cause injury by means of a deadly weapon.

unconstitutional either because it unconstitutionally targets black Americans and because it violates the Second Amendment.

Petitioner first argues § 922(g) is unconstitutional because it discriminates on the basis of his race: "[Section] 922(g) is also one of those laws designed to exclude free blacks from keeping and bearing Arms, solely on [the basis of] their skin color under the guise of one's previous condition of incarceration or penal servitude…" (Doc. No. 1-2 at 11).  But "even if a neutral law has a disproportionately adverse impact upon a racial minority, it is unconstitutional ... only if that impact can be traced to a discriminatory purpose."  *United States v. Lattimore,* 974 F.2d 971, 975 (8th Cir.1992) (quoting *Personnel Adm'r v. Feeney,* 442 U.S. 256, 272, (1979)).

Petitioner has not shown that § 922(g) has a disproportionate impact upon a racial minority, nor has he traced any impact to a discriminatory purpose.  Without "evidence that Congress had a racially discriminatory motive in mind," the classification is constitutional.  *See United States v. Johnson*, 12 F.3d 760, 764 (8th Cir. 1993) (finding harsher punishments for cocaine-base offenses compared to cocaine-powder offenses not unconstitutional despite evidence that blacks are prosecuted much more frequently than whites for cocaine-base offenses).  *See also United States v. Wynde*, 579 F.2d 1088, 1095 (8th Cir. 1978) ("The very structure of the Gun Control Act demonstrates that Congress…sought broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous.").  Furthermore, appellate courts have found § 922 does not violate equal protection or due process rights by distinguishing felons from non-felons.  *See United States v. McKenzie*, 99 F.3d 813, 818 (7th Cir. 1996) (finding

12

§922(g) does not violate the equal protection or due process rights); *see also Wynde*, 579 F.2d at 1093 (finding § 922(h) does not violate equal protection or due process rights).

Next, Petitioner contends § 922(g) violates the Second Amendment.  The Eighth Circuit has repeatedly held "that Congress did not violate the Second Amendment" when it enacted § 922(g).  *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011).  *See also United States v. Taylor*, 695 F. App'x 988, 991–92 (8th Cir. 2017). To the extent Petitioner argues the Supreme Court's decision in *District of Columbia v. Heller*, supports his argument, "[t]he Court in *Heller* said that 'nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons…." *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (quoting *Heller*, 554 U.S. 570, at 626-27 (2008)).  Trial counsel was not ineffective for failing to challenge the constitutionality of § 922(g).  *See Thomas*, 951 F.2d at 904.

**Evidentiary Hearing**

As noted above, an evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715  (8th Cir. 2017) (holding that a district court may forego holding an evidentiary hearing before dismissing a § 2255 motion where "accepting the petitioner's allegations as true, the petitioner is not entitled to relief.") (citation omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Shurron Roberts' motion filed under 28 U.S.C.

13

§ 2255 to vacate, set aside, or correct his sentence is **DENIED**.

  **IT IS FURTHER ORDERED** that Petitioner's Motions to Appoint Counsel are **DENIED**. (Doc. Nos. 2 & 8).

  **IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

  A separate Judgment shall accompany this Memorandum and Order.

<br>

             _____
             AUDREY G. FLEISSIG
             UNITED STATES DISTRICT JUDGE

Dated this 18th day of March, 2022.